FWO19233

ORIGINAL

IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2013 APR -8  AM 8: 56

CLERK OF COURT

| | | |
|---|---|---|
| Bobby Pearson, Frank Spacek, Stefan Marunde, Ky Teumboun, Brennan Andrades, Stephan Whitson, Michael Govantes, Tri Nguyen, Paul Kincade and Craig Richards, individually and on behalf of all those similarly situated | § § § § § § § § § | |
| Plaintiffs, | § § § | **4-13CV-281-Y** Civil Action Number: _____ |
| v. | § § § | |
| Trinity Armored Security, Inc. and Kenneth A. West | § § | Jury Demanded |
| Defendants | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Bobby Pearson ("**Pearson**"), Frank Spacek ("**Spacek**"), Stefan Marunde ("**Marunde**") Ky Teumboun ("**Teumboun**"), Brennan **Andrades** ("Andrades"), Stephan Whitson ("**Whitson**"), Michael Govantes ("**Govantes**"), Tri Nguyen ("**Nguyen**"), Paul Kincade ("**Kincade**") and Craig Richards ("**Richards**")  (Pearson, Spacek, Maqunde, Teumbaun, Andrades, Whitson, Govantes, Nguyen, Kincade and Richards individually referred to as a "**Plaintiff**" and collectively referred to as "**Plaintiffs**") individually and on behalf of all others similarly situated ("**Class Members**") bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants and show as follows:

## A. Nature of Suit.

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers.  To achieve its humanitarian goals, the FLSA requires the payment of a minimum wage and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." Walling v. Helmerich & Payne, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. This is the classic example of an employer intentionally violating the FLSA. Defendants paid absolutely no overtime to any of its employees regardless of job classification or duties. While the employer paid a "shift premium" for work performed on Saturday, the time and a half premium was not connected to whether the employee had worked 40 hours previously.  It was simply paid because it was work performed on a Saturday.

3. This lawsuit seeks recovery of the unpaid overtime for the numerous employees employed by Defendants. Although the total number of employees of Defendants is not numerous (approximately 50-60) compared to some other collective actions, Plaintiffs seek the Court's assistance in creating appropriate subclasses of employees to properly and efficiently calculate the overtime wages due to the Plaintiffs and Class Members.

## B. Parties.

4.  Each Plaintiff is an individual residing in the Northern District of Texas.  In the three-year period preceding the filing of this action, Plaintiffs were employed by Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.  At all times hereinafter mentioned, each Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. The written consent to become a party plaintiff for each Plaintiff is attached hereto as Exhibit "A."

5.  The putative Class Members are individuals that were employed by Defendants in the three-year period preceding the filing of this action and were not paid overtime in compliance with the FLSA. At all times  hereinafter  mentioned,  the Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

6.  Defendant Trinity Armored Security, Inc. ("**Defendant Trinity**") is a Texas corporation engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA. Defendant Trnity's office address is 4221 Clay Avenue, Haltom City, TX 76117.  Defendant Trinity may be served by serving its registered agent Kenneth A. West at 4221 Clay Avenue, Haltom City, TX 76117, or wherever its registered agent may be found.

7.  Defendant Kenneth A. West ("**Defendant West**") is an individual and a Texas resident residing in the Northern District of Texas. Defendant West can be served at 4221 Clay Avenue, Haltom City, TX 76117 or wherever he can be found.

### C. Jurisdiction and Venue.

8.  Venue of this action is proper in this district and division because the majority of the events giving rise to the cause of action alleged herein occurred in this division and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

9.  Defendants carry on substantial business in the Northern District of Texas and have sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

10. This Court has jurisdiction over this case pursuant to the District Court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

### D. Coverage.

11. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs and the Class Members.

12. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. Defendant West had and has authority to set corporate policy, participate in decisions regarding the classification of employees and the payment of overtime as well as participate in decisions regarding whether or not to pay Plaintiffs overtime. In addition, Defendant West had and has operational control of significant aspects of the Defendant Trinity's day-to-day functions and independently exercised control over the work situation.   He had and has direct involvement in the day-to-day operation of Defendant Trinity and had and has some direct responsibility for the supervision of the employees.

16. Defendant West acts, and has acted, directly or indirectly, in the interests of an employer in relation to Plaintiffs and the Class Members.

17. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

18. Plaintiffs were employed by Defendants within the applicable statute of limitations.

### E. Factual Allegations Common to all Plaintiffs.

19. Defendant Trinity provides personalized armored car, ATM, coin sorting and wrapping, and other related services to financial institutions, retail businesses, educational entities and municipalities. It also provides services for events with special scheduling needs such as sports activities and festivals. According to its website Defendant Trinity provides these services throughout the North Central Texas region.

20. Plaintiffs are paid on an hourly basis. If they work more than 40 hours per workweek they are normally paid only "straight time" for all hours worked over 40; Plaintiffs are not paid time and one half.

21. Defendant West is the owner of Defendant Trinity and has complete say and control over Defendant Trinity's operations and compensation policies and practices.

22. Defendant Trinity has four locations in the North Central Texas region; Dallas, Plano, Haltom City and Wichita Falls, Texas (each a "**Location**" and collectively the "**Locations**"). The Dallas, Plano and Wichita Falls Locations have no vehicles weighing over 10,000 pounds. The Haltom City Location has eleven vehicles weighing less than 10,000 pounds and seven vehicles weighing more than 10,000 pounds.

23. None of the Plaintiffs or employees of Defendants operate vehicles that are (1) designed or used to transport more than 8 passengers (including the driver) for

compensation; (ii) designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or (iii) used in transporting hazardous material, requiring placarding under regulations prescribed by the Secretary of Transportation.

### F.   Factual Allegations for Operations Manager

24.   Pearson works for Defendants at their Haltom City facility as an "Operations Manager." Pearson is responsible for scheduling the services required by customers and the routes driven by Defendants' drivers.  Additionally, Pearson oversees the maintenance of the fleet of trucks driven by employees of Defendants.

25.   During the time period, Pearson's job responsibilities consisted of providing scheduling and in-take services to clients of Defendants.

26.   Pearson's primary job duties consisted of conduct that does not require discretion in order to be performed or advanced training.  Pearson's duties are routine and do not require the exercise of independent judgment or discretion.  Although Pearson is labeled as a "Manager" his primary duty is not the management of the enterprise or of a customarily recognized department or subdivision; to the contrary, he has no responsibility for:

    a.   Interviewing, selecting, and training employees;

    b.   Setting and adjusting pay and work hours;

    c.   Maintaining production or sales records;

    d.   Hiring or firing employees;

    e.   Appraising employee productivity and efficiency;

    f.   Handling employee complaints and grievances;

    g.   Disciplining employees;

    h.   Planning and controlling the budget; or

    i.   Monitoring or implementing legal compliance measures

27. Pearson and similarly situated Operations Managers regularly worked in excess of 40 hours a week.

28. Defendants did not pay Pearson, and similarly situated employees, time-and-one-half their regular rate of pay for the hours that Pearson and similarly situated employees worked over 40 hours a week.

29. Pearson, and other similarly situated employees, were "on-call" during many of the workweeks and not paid at the overtime rate for the time spent on-call.

30. Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay overtime compensation with respect to Pearson and similarly situated employees.

31. The FLSA requires employers to keep accurate time records of hours worked by nonexempt employees.  29 U.S.C. § 211 (c).

32. In addition to the pay violations of the FLSA identified above, Defendants also failed to keep proper time records as required by the FLSA.

33. Pearson has retained the Law Office of Chris R. Miltenberger, PLLC to represent him in this litigation and has agreed to pay a reasonable fee for its services.

### G. Factual Allegations for Vault Employees.

34. Spacek, Kincade and Govantes (each a "**Vault Employee**" and collectively the "**Vault Employees**") work for Defendants as "vault" employees. Their duties consist of accounting for the money in the vault, checking the money out of the vault and checking the money into the vault.

35. The Vault Employees do not qualify for any of the "exemptions" to the FLSA. Their duties do not involve independent discretion.

36. The Vault Employees do not perform duties as a driver, driver's helper, loader or mechanic on any vehicles.

37. The Vault Employees are paid on an hourly basis but are not paid overtime by Defendants.

38. The Vault Employees and similarly situated employees regularly work in excess of 40 hours a week.

39. Defendants did not pay the Vault Employees and similarly situated employees, time-and-one-half their regular rate of pay for the hours that the Vault Employees and similarly situated employees worked over 40 hours a week.

40. Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay overtime compensation with respect to the Vault Employees and similarly situated employees.

41. In addition to the pay violations of the FLSA identified above, Defendants also failed to keep proper time records as required by the FLSA.

42. In addition to the pay violations of the FLSA identified above, Defendants also failed to keep proper time records as required by the FLSA.

43. The Vault Employees have retained the Law Office of Chris R. Miltenberger, PLLC to represent them in this litigation and has agreed to pay a reasonable fee for its services.

### H. Factual Allegations for Delivery Truck Drivers.

44. Marunde, Teumboun, Andrades, Whitson, Nguyen, Kincade and Richards (each a "**Driver**" and collectively the "**Drivers**") work for Defendants as delivery truck drivers. Drivers that are assigned to "school routes" are operating non-commercial vehicles (vehicle weighing 10,000 pounds or less) ("**School Route Drivers**"). Drivers that are assigned to "armored truck" routes are operating commercial vehicles (vehicle weighing greater than 10,000 pounds) ("**Armored Truck Route Drivers**").

45. Regardless of the type of vehicle operated by the Drivers, Defendants do not pay at the overtime rate for hours greater than 40 during a workweek. Defendants apparently rely on the overtime pay exemption of 13(b)(1) of the FLSA commonly known as the "motor carrier exemption." Defendants' reliance, however, is misplaced.

46. During the workweeks during which the Drivers "in whole or in part" perform work "affecting the safety of small vehicles" (non-commercial vehicle weighing 10,000 pounds or less), the overtime pay exemption of section 13(b)(1) of the FLSA does not apply to the Drivers. See, the U. S. Department of Labor Wage

and Hour Division, Field Assistance Bulletin No. 2010-2 attached hereto as

Exhibit "B."

47. The Field Assistance Bulletin specifically provides in part as follows:

> This memorandum clarifies the effect of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: a Legacy for Users Technical Corrections Act of 2008 (TCA), P.L. 110-244, on section 13(b)(l) of the Fair Labor Standards Act (FLSA). **Effective June 6, 2008, the overtime pay exemption under section 13(b)(1) does not apply to a driver, driver's helper, loader, or mechanic in any workweek in which their work affects the safe, interstate operation of certain motor vehicles weighing 10,000 pounds or less** (hereinafter referred to as "small vehicles"). . . .

> TCA section 306(a) extends FLSA section 7 overtime requirements to employees covered by TCA section 306(c), notwithstanding FLSA section 13(b)(1). This means the overtime pay requirements apply to an employee of a motor carrier or motor private carrier in any workweek in which the employee works, "***in whole or in part***", as a driver, driver's helper, loader or mechanic affecting the safety of operation of small vehicles on public highways in interstate or foreign commerce. (emphasis added).

48. Thus, Drivers normally assigned to school routes during a workweek are entitled to overtime.  Drivers normally assigned to armored truck routes may be entitled to overtime during a particular workweek depending on whether the Driver also worked "in whole or in part" on non-commercial vehicles during that workweek because such activity negates the exemption.

49. The Drivers are paid on an hourly basis but are not paid overtime by Defendants.

50. None of the Drivers have a commercial driver license.

51. The Drivers and similarly situated employees regularly work in excess of 40 hours a week.

52. Defendants did not pay the Drivers, and similarly situated employees, time-and-one-half their regular rate of pay for the hours that the Drivers and similarly situated employees worked over 40 hours a week.

53. Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay overtime compensation with respect to the Drivers and similarly situated employees.

54. In addition to the pay violations of the FLSA identified above, Defendants also failed to keep proper time records as required by the FLSA.

55. The Drivers have retained the Law Office of Chris R. Miltenberger, PLLC to represent them in this litigation and has agreed to pay a reasonable fee for its services.

### I.    Collective Action Allegations.

56. Other employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA.  Some of these employees have worked with Plaintiffs and have reported that they were paid in the same manner as Plaintiffs, i.e., no overtime pay for hours worked in excess of 40 per workweek.  Thus, from discussion with these employees, Plaintiffs are aware that the illegal practices or policies of Defendants have been uniformly imposed on the Class Members at each of the Locations.

57. The Class Members performed job duties typically associated with non-exempt employees.  Their duties were routine and did not require the exercise of independent judgment or discretion. Moreover, these employees regularly worked

more than 40 hours in a workweek and were not paid one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

58. Accordingly, the employees victimized by Defendants' unlawful pattern and practices are similarly situated to, Plaintiffs in terms of job duties and pay provisions.

59. Defendants' failure to pay overtime compensation at the rates required by the FLSA is based on Defendants' generally applicable policies or practices and does not depend on the personal circumstances of the Class Members. Thus, Plaintiffs' experiences are typical of the experience of the Class Members.

60. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment. All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid the minimum wage and/or overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiffs and the Class Members.

61. The same policies and practices of failing to pay the overtime compensation as required by the FLSA are applied at each of the Locations which Defendants operate and this lawsuit seeks recovery for similarly situated employees at each of those Locations.

62. The class of similarly situated Plaintiffs is properly defined by four subclasses as follows:

a. All Operations Managers who worked for Defendants at any of Defendants' Locations within the last three years who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks;

b. All Vault Employees who worked for Defendants at any of Defendants' Locations within the last three years who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks; and

c. All School Route Drivers who worked for Defendants at any of Defendants' Locations within the last three years who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.

d. All Armored Truck Route Drivers who worked for Defendants at any of Defendants' Locations within the last three years who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.

63. Plaintiffs bring this action on behalf of similarly situated employees employed at any of the Locations.

64. As a collective action, Plaintiffs seek this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

### J.  Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.

65. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

66. During the relevant period, Defendants have violated and are violating the provisions of Sections 6 and/or 7 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, without compensating such employees for their work at the minimum wage and for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

67. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay the minimum wage and/or overtime compensation with respect to Pearson and the Class Members.

68. Defendants did not act in good faith and/or have reasonable grounds for a belief that their actions did not violate the FLSA nor did they act in reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

## K.  Jury Demand.

69. Plaintiffs demand a trial by jury herein.

## L.  Relief Sought.

70. WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that they and all those who consent to be opt-in plaintiffs in this collective action recover jointly and severally from Defendants, the following:



a. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiffs and their counsel to represent the Class Members;

b. An Order requiring Defendants to provide the names, addresses, email addresses and telephone numbers of all potential Class Members;

c. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. Compensation for all hours worked at a rate not less than the applicable minimum wage;

e. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

f. All unpaid wages and overtime compensation;

g. An award of liquidated and/or punitive damages pursuant to 29 U.S.C § 216;

h. Reasonable attorney's fees, expert fees, costs, and expenses of this action as provided by the FLSA;

i. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

j. Such other relief as to which Plaintiffs may be entitled.


Dated this 8th day of April, 2013.

Respectfully submitted,

By: Chris R. Miltenberger
The Law Office of Chris R. Miltenberger, PLLC
Texas Bar Number: 14171200
430 N. Carroll, Suite 120
Southlake, Texas 76092
(817) 296-0422
(817) 446-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiffs

# EXHIBIT "A" TO COMPLAINT

## Consent to be Party Plaintiff for the following:

- Bobby Pearson,
- Frank Spacek,
- Stefan Marunde,
- Ky Teumboun,
- Brennan Andrades,
- Stephan Whitson,
- Michael Govantes,
- Tri Nguyen,
- Paul Kincade, and
- Craig Richards

### NOTICE OF CONSENT

I, _Bobby G Pearson_ , consent to become a party plaintiff in a lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act from Trinity Armored Services, Inc. and Kenneth A. West and any other entities or individuals who are determined to be employers under the Fair Labor Standards Act.

I agree to be represented by Chris R Miltenberger of the Law Office of Chris R. Miltenberger, PLLC.

Date: _4-4-13_

Signature: _____

Printed Name: _Bobby G Pearson_

**NOTICE OF CONSENT**

I, _FRANK SPACEK_, consent to become a party plaintiff in a lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act from Trinity Armored Services, Inc. and Kenneth A. West and any other entities or individuals who are determined to be employers under the Fair Labor Standards Act.

I agree to be represented by Chris R Miltenberger of the Law Office of Chris R. Miltenberger, PLLC.

Date: _4-4-13_

Signature: _Frank Spacek_

Printed Name: _FRANK SPACEK_

---

**Consent to be Party Plaintiff**

## NOTICE OF CONSENT

I, _Stefan Marunde_, consent to become a party plaintiff in a lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act from Trinity Armored Services, Inc. and Kenneth A. West and any other entities or individuals who are determined to be employers under the Fair Labor Standards Act.

I agree to be represented by Chris R Miltenberger of the Law Office of Chris R. Miltenberger, PLLC.

Date: _4-5-13_

Signature: _Stefan Marunde_

Printed Name: _STEFAN MARUNDE_

---

**Consent to be Party Plaintiff**

## NOTICE OF CONSENT

I, _Ky Teumbaun_ , consent to become a party plaintiff in a lawsuit seeking
damages for unpaid wages under the Fair Labor Standards Act from Trinity Armored Services, Inc.
and Kenneth A. West and any other entities or individuals who are determined to be employers under
the Fair Labor Standards Act.

I agree to be represented by Chris R Miltenberger of the Law Office of Chris R. Miltenberger,
PLLC.

Date: _04 / 06 / 13_

Signature: _____

Printed Name: _Ky Teumbaun_

**Consent to be Party Plaintiff**

## NOTICE OF CONSENT

I, _Brennan Andraes_, consent to become a party plaintiff in a lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act from Trinity Armored Services, Inc. and Kenneth A. West and any other entities or individuals who are determined to be employers under the Fair Labor Standards Act.

I agree to be represented by Chris R Miltenberger of the Law Office of Chris R. Miltenberger, PLLC.

Date: _4/6/13_

Signature: _Brennan_

Printed Name: _Brennan Andraes_

---

**Consent to be Party Plaintiff**

## NOTICE OF CONSENT

I, _Stephen Whitson_, consent to become a party plaintiff in a lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act from Trinity Armored Services, Inc. and Kenneth A. West and any other entities or individuals who are determined to be employers under the Fair Labor Standards Act.

I agree to be represented by Chris R Miltenberger of the Law Office of Chris R. Miltenberger, PLLC.

Date: _04/05/13_

Signature: _(signature)_

Printed Name: _Stephen Whitson_

---

**Consent to be Party Plaintiff**

## NOTICE OF CONSENT

I, _Michael Govantes_, consent to become a party plaintiff in a lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act from Trinity Armored Services, Inc. and Kenneth A. West and any other entities or individuals who are determined to be employers under the Fair Labor Standards Act.

I agree to be represented by Chris R Miltenberger of the Law Office of Chris R. Miltenberger, PLLC.

Date: _05 Apr 2013_

Signature: _____

Printed Name: _Michael Govantes_

---

**Consent to be Party Plaintiff**

**NOTICE OF CONSENT**

I, _TRI NGUYEN_____, consent to become a party plaintiff in a lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act from Trinity Armored Services, Inc. and Kenneth A. West and any other entities or individuals who are determined to be employers under the Fair Labor Standards Act.

I agree to be represented by Chris R Miltenberger of the Law Office of Chris R. Miltenberger, PLLC.

Date: _4-5-1_____          Signature: _____

                              Printed Name: _TRI NGUYEN_____

---

**Consent to be Party Plaintiff**

**NOTICE OF CONSENT**

I, _Paul Kincade_, consent to become a party plaintiff in a lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act from Trinity Armored Services, Inc. and Kenneth A. West and any other entities or individuals who are determined to be employers under the Fair Labor Standards Act.

I agree to be represented by Chris R Miltenberger of the Law Office of Chris R. Miltenberger, PLLC.

Date: _4-4-13_                    Signature: _Paul Kincade_

Printed Name: _Paul Kincade_

---

**Consent to be Party Plaintiff**

## NOTICE OF CONSENT

I, _CRAIG RICHARDS_, consent to become a party plaintiff in a lawsuit seeking damages for unpaid wages under the Fair Labor Standards Act from Trinity Armored Services, Inc. and Kenneth A. West and any other entities or individuals who are determined to be employers under the Fair Labor Standards Act.

I agree to be represented by Chris R Miltenberger of the Law Office of Chris R. Miltenberger, PLLC.

Date: _4·4·13_

Signature: _Craig Richards_

Printed Name: _CRAIG RICHARDS_

---

**Consent to be Party Plaintiff**

# EXHIBIT "B" TO COMPLAINT

U. S. Department of Labor Wage and Hour Division,

Field Assistance Bulletin No. 2010-2



**U.S. Department of Labor**
Wage and Hour Division
Washington, D.C. 20210



November 4, 2010

FIELD ASSISTANCE BULLETIN No. 2010-2

MEMORANDUM FOR:  REGIONAL ADMINISTRATORS AND DISTRICT DIRECTORS

FROM:                          NANCY J. LEPPINK *Lauuna Bergquist for*
                                       Deputy Administrator

SUBJECT:                    Change in Application of the FLSA § 13(b)(1) "Motor Carrier
                                       Exemption"

This memorandum clarifies the effect of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: a Legacy for Users Technical Corrections Act of 2008 (TCA), P.L. 110-244, on section 13(b)(1) of the Fair Labor Standards Act (FLSA). Effective June 6, 2008, the overtime pay exemption under section 13(b)(1) does not apply to a driver, driver's helper, loader, or mechanic in any workweek in which their work affects the safe, interstate operation of certain motor vehicles weighing 10,000 pounds or less (hereinafter referred to as "small vehicles").

Section 306 of the TCA (attached) amends the change in the section 13(b)(1) exemption made by the Safe Accountable, Flexible, Efficient Transportation Equity Act: a Legacy for Users (SAFETEA-LU), P.L. 109-59 (see Field Assistance Bulletin 2007-2, May 23, 2007). This memorandum describes the TCA modification and its effect on the "four-month" rule.*

TCA section 306(a) extends FLSA section 7 overtime requirements to employees covered by TCA section 306(c), notwithstanding FLSA section 13(b)(1). This means the overtime pay requirements apply to an employee of a motor carrier or motor private carrier in any workweek in which the employee works, "in whole or in part", as a driver, driver's helper, loader or mechanic affecting the safety of operation of small vehicles on public highways in interstate or foreign commerce. This exception, however, does not apply to vehicles that are:

(i)       Designed or used to transport more than 8 passengers (including the
            driver) for compensation;

---

* The "four-month" rule stems from the Department of Transportation's Federal Motor Carrier Safety Administration's interpretation of the Motor Carrier Act of 1935, conferring that agency jurisdiction over drivers and certain other employees for a four-month period beginning with the date they could have been called upon to, or actually did, engage in the carrier's interstate activities; thus, triggering the overtime pay exemption for that period.

Exhibit B to Plaintiffs' Complaint - 1

2

(ii)     Designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or

(iii)    Used in transporting hazardous material, requiring placarding under regulations prescribed by the Secretary of Transportation.

Prior to TCA's enactment, drivers, driver's helpers, loaders or mechanics who performed safety-affecting duties on commercial motor vehicles under SAFETEA-LU were exempt under § 13(b)(1) for four months from the time they actually engaged in the carrier's interstate activities, or from the time they could have been called upon to engage in the carrier's interstate activities. TCA overrides the application of the "four-month" rule in any workweek an employee is covered by section 306(c).

For example, employees who performed, or could have been called upon to perform, duties affecting the safe operation of a motor vehicle in interstate commerce in any workweek are exempt from FLSA overtime requirements for the next four months, **except** for workweeks in that period in which their duties, in whole or in part, affect the safe operation of a small vehicle in interstate commerce. The phrase "in whole or in part" included in the statute means an employee who performs such duties involving small vehicles for the entire week or part of the week must receive overtime pay for hours worked over 40 in that workweek. The changes made by TCA thus extend FLSA overtime protection to some employees even when such employees are also subject to the authority of the Secretary of Transportation to set maximum hours of service. Please see attached chart for further clarification on how the TCA affects the application of the 13(b)(1) exemption.

For enforcement purposes, we will use the following standards:

- "Weighing 10,000 pounds" – WHD will continue to use the gross vehicle weight rating (GVWR) or gross combined vehicle weight rating in the event that the vehicle is pulling a trailer. The GVWR is found on the vehicle, usually on a plate on the door jamb.

- "Designed or used to transport more than 8" (or more than 15) – WHD will determine this information based on the vehicle's current design and the vehicle capacity as found on the door jamb plate. Where a vehicle's seating capacity has been **reduced,** for example by removing seats to accommodate a wheelchair, we will count the resulting seating capacity plus add 1 for each wheelchair placement. Where a vehicle's capacity has been **increased,** for example by bolting a bench seat into a cargo area, we will not count the added capacity unless the vehicle has been recertified by DOT for that purpose.

Effective June 6, 2008, WHD enforcement staff must apply the new limited scope of the section 13(b)(1) exemption described above. Fact Sheet #19 incorporates the changes in the application of section 13(b)(1) made by TCA.

Attachment: Section 306, P.L. 110-244
            TCA Chart

| DRIVER, DRIVER'S HELPER, LOADER OR MECHANIC WHOSE WORK AFFECTS THE SAFE OPERATION OF MOTOR VEHICLES ON PUBLIC HIGHWAYS IN INTERSTATE OR FOREIGN COMMERCE AND PERFORMS SUCH DUTIES ON THE FOLLOWING VEHICLES: | TCA & FLSA § 13(b)(1) EXEMPT OR NONEXEMPT STATUS |
|---|---|
| **A.** Exclusively on a motor vehicle that weighs (GVWR) 10,001 pounds or more. | Exempt → 4-month rule applies |
| **B.** Exclusively on a motor vehicle that is (regardless of weight)<br>  1.  designed or used to transport more than 8 passengers (including the driver) for compensation; or<br>  2.  designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or<br>  3.  used in transporting hazardous material, requiring placarding under regulations prescribed by the Secretary of Transportation. | Exempt → 4-month rule applies |
| **C.** On a motor vehicle that weighs 10,001 pounds or more, as well as on a motor vehicle described in **B** above in the same workweek. | Exempt → 4-month rule applies |
| **D.** Exclusively on a motor vehicle that weighs 10,000 pounds or less (except motor vehicles described in **B** above). | Nonexempt entirely |
| **E.** On a motor vehicle that weighs 10,001 pounds or more; however, in some workweeks (whether the entire week or part of the week), also performs safety affecting duties on a motor vehicle that weighs 10,000 pounds or less (referred to as "small vehicle"). | Nonexempt in those workweeks where work is also performed on a vehicle that weighs 10,000 pounds or less (small vehicle); 4-month rule may apply in other workweeks |
| **F.** On a motor vehicle that is (regardless of weight)<br>  1.  designed or used to transport more than 8 passengers (including the driver) for compensation; or<br>  2.  designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or<br>  3.  used in transporting hazardous material, requiring placarding under regulations prescribed by the Secretary of Transportation.<br>However, in some workweeks (whether the entire week or part of the week), also performs safety affecting duties on a motor vehicle that weighs 10,000 pounds or less ("small vehicle"). | Nonexempt in those workweeks where work is also performed on a vehicle that weighs 10,000 pounds or less (small vehicle); 4-month rule may apply in other workweeks |

For example:

An employer employs a pool of drivers, anyone of whom could be called upon to drive a truck weighing 10,001 pounds or more to transport materials to a construction site in another state. If a driver is called to drive the truck to the construction site, that driver along with the other drivers who could have been called upon to drive are exempt from overtime pay for the following four months, as described in **A** above.

However, if a driver in any workweek during the four months performs safety affecting duties on a vehicle that weighs 10,000 pounds or less ("small vehicle"), that driver alone is nonexempt for that workweek and must receive overtime pay for hours worked over 40, as described in **E** above.

**SEC. 306. APPLICABILITY OF FAIR LABOR STANDARDS ACT REQUIREMENTS AND LIMITATION ON LIABILITY.**

(a) APPLICABILITY FOLLOWING THIS ACT.--Beginning on the date of enactment of this Act, section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) shall apply to a covered employee notwithstanding section 13(b)(1) of that Act (29 U.S.C. 213(b)(1)).

(b) LIABILITY LIMITATION FOLLOWING SAFETEA-LU.--

(1) LIMITATION ON LIABILITY.--An employer shall not be liable for a violation of section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) with respect to a covered employee if--

(A) the violation occurred in the 1-year period beginning on August 10, 2005; and

(B) as of the date of the violation, the employer did not have actual knowledge that the employer was subject to the requirements of such section with respect to the covered employee.

(2) ACTIONS TO RECOVER AMOUNTS PREVIOUSLY PAID.--Nothing in paragraph (1) shall be construed to establish a cause of action for an employer to recover amounts paid before the date of enactment of this Act in settlement of, in compromise of, or pursuant to a judgment rendered regarding a claim or potential claim based on an alleged or proven violation of section 7 of the Fair Labor Standards Act of 1938 (29 U.S.C. 207) occurring in the 1-year period referred to in paragraph (1)(A) with respect to a covered employee.

(c) COVERED EMPLOYEE DEFINED.--In this section, the term "covered employee" means an individual--

(1) who is employed by a motor carrier or motor private carrier (as such terms are defined by section 13102 of title 49, United States Code, as amended by section 305);

(2) whose work, in whole or in part, is defined--

(A) as that of a driver, driver's helper, loader, or mechanic; and

(B) as affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce, except vehicles--

(i) designed or used to transport more than 8 passengers (including the driver) for compensation;

(ii) designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or

(iii) used in transporting material found by the Secretary of Transportation to be hazardous under section 5103 of title 49, United States Code, and transported in a quantity requiring placarding under regulations prescribed by the Secretary under section 5103 of title 49, United States Code; and

(3) who performs duties on motor vehicles weighing 10,000 pounds or less.

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Bobby Pearson, Frank Spacek, Stefan Marunde, Ky Teumboun, Brennan Andrades, Stephan Whitson, Michael Govantes, Tri Nguyen, Paul Kincade and Craig Richards, individually and on behalf of all those

**(b)** County of Residence of First Listed Plaintiff    Tarrant
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Law Office of Chris R. Miltenberger, PLLC, 430 N Carroll, Suite 120, Southlake, Texas 76092, 817-296-0422, Chris R. Miltenberger

## DEFENDANTS
Trinity Armored Security, Inc. and Kenneth A. West

County of Residence of First Listed Defendant    Tarrant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

4-13CV-281-Y

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | Injury Product Liability |  | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** |  | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|  | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise |  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 791 Empl. Ret. Inc. Security Act |  | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General |  |  |  |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty |  | **IMMIGRATION** |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
| ☐ 290 All Other Real Property |  | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 448 Education | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2)
Brief description of cause:
Recovery of minimum wage and overtime for Plaintiffs and other similarly situated individuals

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:
*(See instructions)*    JUDGE    DOCKET NUMBER

DATE
04/08/2013

SIGNATURE OF ATTORNEY OF RECORD
Chris R. Miltenberger

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE