**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

BOBBY PEARSON et al., individually and on
behalf of all others similarly-situated,

      Plaintiff,

v.

TRINITY ARMORED SERVICE, INC., and
KENNETH A. WEST,

      Defendants.

Civil Action No.
4:13-CV-281-Y

_____/_____

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES**

DEFENDANTS TRINITY ARMORED SERVICE, INC. (hereinafter "TRINITY")

and KENNETH A WEST, (hereinafter "WEST"), by and through their undersigned

counsel, answer the Complaint in this case as follows:

**A. Nature of Suit**

1.      Admitted.

2.      Admitted that Defendant TRINITY paid a Saturday shift premium.

Denied that the allegations set forth in Paragraph 2 state a claim under the Fair

Labor Standards Act ("FLSA") as Defendants are exempt from the overtime

provisions of the FLSA based on the motor carrier exemption. The remainder of the

allegations in Paragraph 2 are denied.

3.      Admitted that this lawsuit seeks recovery of unpaid overtime for

numerous employees of Defendants. Denied as to "numerous" employees since

there is no community of interest based on factual differences.

Defendants' Answer - Page 1

### B.  Parties

4.      Admitted as to the residences of Plaintiffs.  Denied as to the applicability of the Fair Labor Standards Act.

5.       Admitted that Defendants' employees were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. Secs. 206-207. Denied that Defendants failed to pay overtime to the putative class members in violation of the Fair Labor Standards Act.

6.       Admitted.

7.      Admitted.

### C. Jurisdiction and Venue

8.      Admitted.

9.      Admitted.

10.      Admitted that the cited statutes establish this Court's jurisdiction. Denied that Plaintiffs have any basis in law or in fact to support their allegations.

### D.  Coverage

11.      Denied as to Defendant WEST.  Admitted as to Defendant TRINITY.

12.      Denied as to Defendant WEST.  Admitted as to Defendant TRINITY.

13.      Denied as to Defendant WEST.  Admitted as to Defendant TRINITY.

14.      Denied as to Defendant WEST.  Admitted as to Defendant TRINITY.

15.      Admitted.

16.       Admitted.

17.      Admitted.

Defendants' Answer - Page 2

18.     Admitted.

## E. Factual Allegations Common to All Plaintiffs

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Admitted as to  branch locations.  Denied as to vehicles.

23.     Denied.

## F.  Factual Allegations for Operations Manager

24.     Admitted.

25.     Admitted as to  Operations Manager Pearson's scheduling duties.

Denied as to in-take services.

26.  Denied.

        a.  Admitted.

        b.  Denied.

        c.  Denied.

        d.  Denied.

        e.  Denied.

        f.  Denied.

        g.  Denied.

        h.  Denied. Further denied

        i.  Denied.

27.     Admitted.

Defendants' Answer - Page 3

28.     Admitted as to Pearson. Denied there are employees "similarly situated."

29.     Denied.

30.     Denied.

31.     Admitted.

32.     Denied.

33.     Without knowledge and therefore denied.

### G.  Factual Allegations for Vault Employees

34.     Admitted that Spacek, Kincade, and Govantes are vault employees. Denied as to duties.

35.     Denied.

36.     Denied.

37.     Admitted.

38.     Admitted that the vault employees regularly work in excess of 40 hours a week. Denied that there are any similarly situated employees.

39.     Admitted that Defendants did not pay the vault employees time-and-one-half their regular rate of pay for hours worked in excess of 40 hours a week. Denied as to the existence of similarly situated employees.

40.     Denied. Defendants relied on existing case law as well as a review by the U.S. Department of Labor.

41.     Denied.

42.     Denied.

43.     Without knowledge and therefore denied.

**H.  Factual Allegations for Delivery Truck Drivers**

44.     Denied.

45.     Admitted that Defendants rely on the motor carrier exemption, Section 13(b)(1) of the FLSA. Denied as to the characterization of Defendants' reliance on Section 13(b)(1) as "misplaced." The remainder of the allegations in Paragraph 45 are denied.

46.     Denied.

47.     Admitted that the Field Assistance Bulletin is accurately quoted. Denied that the Field Assistance Bulletin is the only applicable legal authority. Defendants relied on existing case law.

48.     Denied.

49.     Denied.

50.     Without knowledge and therefore denied.

51.     Admitted that the drivers work in excess of 40 hours a week. Denied as to the existence of similarly situated employees.

52.     Admitted that Defendants did not pay the drivers time-and-one-half their regular rate of pay for hours worked in excess of 40 hours a week. Denied as to the existence of similarly situated employees.

53.     Denied.

54.     Denied.

55.     Without knowledge and therefore denied.

**I.  Collective Action Allegations**

56.     Denied.

57.     Denied as to the Operations Manager.  The remainder of the

allegations in Paragraph 57 are admitted.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied as to the existence of similarly situated employees.

62.     Denied.

a.      Denied as to the status of similarly situated employees.

b.      Denied as to the status of similarly situated employees.

c.      Denied as to the status of similarly situated employees.

d.      Denied as to the status of similarly situated employees.

63.     Denied as to the status of similarly situated employees.

64.     Denied as to the status of similarly situated employees.

**J.  Cause of Action: Failure to Pay Wages in
Accordance with the Fair Labor Standards Act**

65.     Defendants reallege and re-plead their answers to the allegations in

the foregoing paragraphs as if fully rewritten herein.

66.     Denied.

67.     Denied.

68.     Denied.

Defendants' Answer - Page 6

### K.  Jury Demand

69.     Defendants request review of the matter by a Judge since the issues are legal in nature.

### L  Relief Sought

70.     Defendants request that relief be denied based on Defendants' good faith reliance on the motor carrier exemption to the Fair Labor Standards Act.


WHEREFORE, Defendant respectfully requests that this Court enter judgment in its favor and award Defendant its costs and expenses to defend this action including, but not limited to, reasonable attorney's fees, and such other relief as the Court deems appropriate.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint should be dismissed on the grounds of failure to state a cause of action upon which relief may be granted because the practices that are the subject matter of Plaintiff's complaint concern employees who exempt from the overtime provisions of the Fair Labor Standards Act under the Motor Carriers exemption.

Respectfully submitted,

s/ John A. Hixson
_____
John A. Hixson, Esq.
Texas Bar No. 09731200
2705 S. Cooper Street, Ste 300
Arlington, Texas 76015
817.261.8419 / 817.665.9184 (fax)
hixsonlaw@msn.com

s/ James J. Cusack

_____

James J. Cusack, Esq.
Florida Bar No. 236853
One Tampa City Center
201 N. Franklin St., Ste. 2880
Tampa, Florida  33602
813.223.1276 / 813.226.0159 (fax)
 jimcusack.tampa@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served by regular

U.S. Mail on this the 25th day of April, 2013, on

Chris R. Miltenberger, Esq.
The Law Firm of Chris R. Miltenberger, Esq.
430 N. Carroll, Suite 120
Southlake, Texas 76092


s/ John A. Hixson

_____

John A. Hixson

Defendants' Answer - Page 8