IN THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BOBBY PEARSON, et al. | § | |
| | § | Civil Action Number: 4-13cv-281-Y |
| Plaintiffs | § | |
| | § | |
| VS. | § | Jury Demanded |
| TRINITY ARMORED SECURITY, INC., et al. | § | |
| | § | |
| Defendants | § | |

_____

**PLAINTIFFS' REPLY TO DEFENDANTS TRINITY ARMORED SECURITY, INC.
AND KENNETH A. WEST'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR
PARTIAL SUMMARY JUDGMENT**
_____

TO THE HONORABLE TERRY R. MEANS, UNITED STATES DISTRICT JUDGE:

Now come Plaintiffs (as defined in Plaintiffs' Brief in Support of Their Motion For Partial Summary Judgment [Doc. 32] ("**Plaintiffs' Summary Judgment Brief**")), and, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 7.1(f) of the Local Civil Rules of the Northern District of Texas, respectfully submit the following in further support of their Motion For Partial Summary Judgment [Doc. 31] and in reply to Trinity Armored Security, Inc. and Kenneth A. West's ("**Defendants**") Response In Opposition To Plaintiffs' Motion For Partial Summary Judgment and Brief [Doc. 40, 41]:

**FACTS AND EVIDENCE**

Plaintiffs re-allege and reincorporate their Material Facts Not In Dispute as set forth in Plaintiffs' Summary Judgment Brief as if fully set forth herein. Pls.' Summ. J. Br. 3-6.[1] Plaintiffs re-

---

[1] In a motion for summary judgment and response thereto, Rule 56(c)(1) requires a party asserting that a fact is genuinely disputed to 1) support the assertion by citing to particular materials in the record; 2) show the materials cited do not establish the absence of a genuine dispute regarding such fact; or 3) show that the adverse party cannot produce admissible evidence to support such fact. Fed. R. Civ. P. 56(c)(1). If a party fails to address another party's assertion of fact as required by Rule 56(c), the court may consider the fact undisputed for purpose of the motion. Fed. R. Civ. P. 56 (e)(2).  In the case before this Court, Defendants failed to address in their response [Doc. 40, 41] Plaintiffs' "Material Facts Not In Dispute"

allege and reincorporate their Facts as set forth in their Brief in Support of Their Response to Defendants' Motion for Summary Judgment [Doc. 38] ("**Plaintiffs' Response Brief**") as if fully set forth herein. Pls.' Resp. Br. 15-17.

Plaintiffs previously filed summary-judgment evidence in support of Plaintiffs' Motion for Partial Summary Judgment [Doc. 33] and additional summary-judgment evidence in support of Plaintiffs Response to Defendants' Motion for Summary Judgment [Doc. 39]. *See cumulatively,* Pls.' App. 1-395. Plaintiffs incorporate all of that evidence into this reply.

## ARGUMENT & AUTHORITY

Plaintiffs reply to each of sections A-E of Defendants' Memorandum in Support of Its Response In Opposition To Plaintiffs' Motion For Partial Summary Judgment [Doc. 41] ("**Defendants' Response Brief**") as follows:

### A. Lack of notice of the affirmative defense prevented Plaintiffs from conducting written discovery on the administrative exemption.

Defendants allege that Plaintiffs have not been prejudiced by their failure to plead the affirmative defense of the administrative exemption. Defendants, however, did not notify Plaintiffs of the affirmative defense until it was first raised by Defendant West in his deposition on January 29, 2014, six days before the discovery cutoff of February 4, 2014. *See* Order Granting Mot. to Extend Deadlines [Doc 24]. Thus, it was not possible for Plaintiffs to conduct written discovery regarding the affirmative defense.

### B. The TCA applies to "covered employees" even if they also drive Large Vehicles.[2]

Plaintiffs urge the Court to not lose sight of the question before it, *i.e.* whether the Plaintiffs are "covered employees" under the Technical Corrections Act ("**TCA**"). If the Court finds that the

---

listed on pages 3 to 6 in Plaintiffs' Summary Judgment Brief. Thus, the Plaintiffs urge this Court to consider these facts undisputed for purposes of Plaintiffs' Motion for Partial Summary Judgment.

[2] Again, for purposes of this brief, Plaintiffs will refer to vehicles of 10,000 pounds or less as "**Small Vehicles**" and vehicles of more than 10,000 pounds as "**Large Vehicles.**"

Plaintiffs are covered employees, then "**notwithstanding**" the jurisdiction of the Secretary of Transportation and "**notwithstanding**" the Motor Carrier Act exemption ("**MCA Exemption**"), the Plaintiffs are entitled to overtime. This is precisely the mandate of the TCA. At pages 33 to 35 of Plaintiffs' Summary Judgment Brief, Plaintiffs delineate how they are covered employees.

In the few cases cited by Defendants on this issue, the courts disregard the clear language of the TCA and improperly rely on *Collins v. Heritage Wine Cellars, LTD.*, 589 F.3d 895 (7th Cir. 2009) for the proposition that allowing dual jurisdiction (the Department of Labor and the Department of Transportation) over drivers "would require burdensome record-keeping, create confusion, and give rise to mistakes and disputes." *Collins,* 589 F.3d at 901.[3] Courts upholding the application of the TCA reject that logic. For example, the court in *Hernandez v. Alpine Logistics, LLC*, 08-CV-6254T, 2011 WL 3800031 (W.D.N.Y. Aug. 29, 2011) addressed the logic of *Collins* and succinctly stated:

> I find, however, that such policy considerations cannot overcome the clear and express language of the Technical Corrections Act which unambiguously provides that covered employees are entitled to overtime compensation notwithstanding the fact that such employees may also be subject to regulation by the Department of Transportation. I therefore grant plaintiff's motion for a declaration that covered employees are entitled to overtime compensation under the FLSA.

*Id.* at *6-7.

The Department of Labor (the "**DOL**") in its Field Service Bulletin No. 2010-2 (the "**DOL Bulletin**"), specifically makes clear and states that the TCA extends "FLSA overtime protection to some employees even when such employees are also subject to the authority of the Secretary of Transportation to set maximum hours of service." DOL Bulletin, at 2 (Pls.' App. 165). The DOL also gives an example of how employees driving both Small Vehicles and Large Vehicles are to receive overtime. *See* DOL Bulletin, at 3 (chart example E., and word example referencing example E) (Pls.' App. 166).

---

[3] It is important to note that the decision in *Collins* did not concern the TCA, and dealt with facts that arose before the enactment of the 2008 TCA in which Congress provided for dual jurisdiction. *See generally, Collins,* 589 F.3d at 901; *Collins v. Heritage Wine Cellars, LTD.,* No. 07-CV-1246, 2008 WL 5423550, *19-20 (N.D.Ill. Dec. 29, 2008)(court analyzed the facts before it under SAFETEA-LU and not the TCA).

Contrary to Defendants' assertion, numerous courts have found the DOL Bulletin and its application of the TCA to the operation of both Small Vehicles and Large Vehicles clear and persuasive. *See Botero v. Commonwealth Limousine Serv., Inc.,* No. 12-10428-NMG, 2013 WL 3929785, at *13 (D. Mass. July 25, 2013) (the court found the DOL Bulletin to be consistent with the statutory language of the TCA and persuasive.); *Santana v. Lykes Exclusive, LP*, No. 12-22013-CIV, 2013 WL 1001850, at *3 (S.D. Fla. Mar. 13, 2013) (the court cited the DOL Bulletin and analyzed whether the plaintiffs drove vehicles weighing 10,000 pounds or less and, therefore, were covered by the TCA exception to the MCA Exemption); *Alpine Logistics*, 2011 WL 3800031 at *5 (the court noted that its decision that the employee drivers were covered employees and, thus, entitled to overtime under the TCA was consistent with the DOL Bulletin cited in support).

Finally, the Defendants argue that "the MCA favors coverage of the employee during the course of employment, so long as the time an employee spends operating commercial motor vehicles [Large Vehicles] is more than de minimus." Defs.' Resp. Br. 10-11 (quoting *Wells v. FedEx Ground Package Sys., Inc.,* Nos. 4:10-CV-2080-JAR and 4:06-CV-00422-JAR, 2013 WL 5435484, at *26 (E.D. Mo. Sept. 27, 2013)(citations omitted)). This interpretation, again, flies in the face of the clear and unambiguous language of the TCA. *See* Pls.' Resp. Br. 10-11. Recent courts who have analyzed the TCA and discussed the *di minimus* test have found the opposite to be true. These courts have found that, under the TCA, the test is whether the employees in question affected the safety of Small Vehicles more than a *di minimus* amount of time; thus becoming a "covered employee." *See, e.g., Garcia v. Western Waste Servs., Inc.,* No. 1:12-CV-00597-BLW, 2013 WL 4735588, at *6 (D. Idaho Sept. 3, 2013) (the court found that the plain language of the TCA demands that the focus be on the time spent on Small Vehicles, rather than the time spent on Large Vehicles and, therefore, if an employee worked on Small Vehicles for more than a *de minimis* portion of his time the TCA required the payment of overtime.); *Botero,* 2013 WL 3929785 at *12 (the court analyzed whether the employees worked more than a *de minimis* amount on Small Vehicles); *Bedoya v. Aventura Limousine & Transp. Serv., Inc.,* No. 11-24432-CIV., 2012 WL 3962935, at *4 (S.D. Fla. Sept. 11, 2012) (the court emphasized that "an employee's work need only *in part* involve the operation of . . . [Small Vehicles] to be entitled to overtime," and that "if more than a *de minimus* portion of . . . [the employee's] work involved driving . . . [Small

Vehicles], he is eligible for overtime under the FLSA as a 'covered employee.'"(emphasis included)(citations omitted)). In the case at hand, Plaintiffs review for the Court in pages 36 to 38 of Plaintiffs' Summary Judgment Brief how the Plaintiffs at issue worked on Small Vehicles more than a *de minimus* portion of their time.[4]

### C. Plaintiffs correctly identify the weight of the vehicles operated by Plaintiffs.

The weight of the vehicles operated by the Plaintiffs is important because the TCA applies to employees operating vehicles weighing 10,000 pounds or less. The Plaintiffs submitted evidence from **Defendant West himself** that the actual weight of the vehicles defined as Small Vehicles at page 35 of Plaintiffs' Summary Judgment Brief is 10,000 pounds or less and the gross vehicle weight rating ("**GVWR**") of the vehicles is 10,000 pounds or less. (Pls. App. 115, 113-14).[5] At issue here is the demarcation where the TCA applies.

In this regard while Plaintiffs admit that some vehicles operated by the employees are greater than 10,000 pounds, the majority of the vehicles are 10,000 pounds or less. In their zeal to show that this is a case where most employees operate vehicles weighing greater than 10,000 pounds, Defendants allege that the weight should be determined by adding the "weight rating for the front axle" to the "weight rating for the rear axle." Defendant's methodology is incorrect and without any legal support.

The DOL Bulletin makes clear that the DOL interprets the TCA to apply the Fair Labor Standards Act ("**FLSA**") overtime requirements in situations involving vehicles with a **GVWR** of 10,000 pounds or less.  *See id.,* at 2 (emphasis added)(Pls.' App. 165). The Department of

---

[4] Plaintiffs point this Court to Plaintiffs' discussion of the courts in the Southern District of Texas and their views on this issue.  *See* Pls. Summ. J. Br. 38-41. In *Vanzzini v. Action Meat Distributors, Inc.,* No. CIV.A. H-11-4173, 2014 WL 426494 (S.D.Tex. Jan. 31, 2014), in interpreting the TCA, the court refused to dismiss the claim of the single plaintiff who presented evidence that he "at times" operated a Small Vehicle. *Id.* at *8.  In *Allen v. Coil Tubing Serv., L.L.C.,* 846 F.Supp.2d 678 (S.D.Tex. 2012), the court recognized that the TCA now allows employees who had previously been exempt under the MCA Exemption to recover overtime if they "perform some meaningful work for more than an insubstantial time with [Small Vehicles]." *Id.* at 705.

[5] The Defendants seem to agree that the non-armored vehicles (Chevy Van, Scion XB, Chevy HHR 4 DR, Ford Transit Conn, Ford Escape, Ford Focus) in Defendants' fleet are less than 10,000 pounds. (Pls.' App. 3, 10; Affidavit of Kenneth A. West [Doc. 41-1] attached to Defendants' Response Brief).  At issue, it appears, for Defendants, are the small armored trucks in Defendants' fleet that are built on the same chassis as Vehicle 108 (21, 22, 107 (prior to July 2012), 110, 112, 113, 114, and 136). Pl.'s App. 4, 10.  As stated previously, Defendant West testified that these vehicles have an actual weight of 10,000 pounds or less and a GVWR rating of 10,000 pounds or less. (Pls. App. 115, 113-14).

Transportation defines GVWR as "the value specified by the manufacturer as the loaded weight of a single motor vehicle." 49 C.F.R. § 390.5; *see also* 49 C.F.R. § 571.3(b). Defendants would have this Court look past the "value specified by the manufacturer" (the GVWR) of the vehicles at issue here, *i.e.,* those, like vehicle 108, with GVWRs of 9,500 pounds, to their own concocted version of what the GVWR is, but gives this Court no authority to do so. Defendants have cited no case law, regulation, or other authority that has interpreted the TCA and the determination of weight thereunder, utilizing the calculation the Defendants would have the Court use here.[6]

Additionally, Defendants' assertion that "the parties have stipulated that the gross vehicle weight as specified by the manufacturer is the combined weight of the front axle and rear axle as exceeding 10,001 pounds" is false and an attempt to mislead this Court. Plaintiffs made no such stipulation. To the contrary, the parties only stipulated that, for vehicle 108, the manufacturer's decal for the gross vehicle weight rating is 9,500 pounds, for the gross axle weight rating – front axle is 4,600 pounds and for the gross axle weight rating – rear axle is 6,084 pounds. That is the extent of the parties' stipulation. (Pls.' App. 193-94).[7]

---

[6] The cases that have interpreted "weight" since the enactment of the TCA have largely interpreted what that would mean for "combination vehicles," *i.e.,* towing vehicles and their trailers. *See, e.g., Albani v. Coast 2 Coast, Inc.,* 444 Fed. Appx. 788 (5th Cir. 2011). In *Albani*, the Court determined in a post-TCA case that the various definitions in Regulation 390.5 continued to apply in interpreting the TCA. *Id.* at 796, 799. Although the court was determining the gross vehicle weight of the combination vehicles at issue, the court cited the definition of gross vehicle weight rating and gross combination weight rating from Regulation 390.5 as determinative. *Id.* at 796. The Court used the straight forward definitions of 390.5 and found that after the TCA was enacted the definitions of commercial motor vehicles in Regulation 390.5 continued to apply. *Id.* at 799. Nowhere did the Court seek to combine axle weights on either the towing or trailer portions of the combination commercial vehicles at hand to determine the gross vehicle weight rating. *Id.* at 796, 799.

[7] Plaintiffs provide precise information as to the weight of the vehicles driven by each of the Plaintiffs and the percentage of time the Plaintiffs drove Small Vehicles versus Large Vehicles. Pls. Summ. J. Br. 36-38. Defendants' attempt to generalize and obscure the facts at page 12 of Defendants' Response Brief by stating that there are two individuals assigned to each Large Vehicle is not relevant to the issue before the Court. The issue before the Court is whether Plaintiffs worked with Small Vehicles and if so, was their time on Small Vehicles more than *de minimus*? Plaintiffs provide the precise numbers for Plaintiffs who operated both Small Vehicles and Large Vehicles. Defendants' argument regarding two individuals assigned to each Large Vehicle should be ignored.

**D. Defendants did not direct the Court to any evidence to sustain their burden to negate liquidated damages.**

Any employer who violates the FLSA overtime provisions is liable in the amount of the employee's unpaid compensation and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). A court **must** grant liquidated damages under Section 216 unless the **employer** meets its substantial burden of persuading the court that its act or omission was both in good faith and reasonable. 29 U.S.C. § 260; *Lowe v. Southmark Corp.,* 998 F.2d 335, 337–38 (5th Cir.1993); *Singer v. City of Waco,* 324 F.3d 813, 823 (5th Cir. 2003); *Barcellona v. Tiffany English Pub, Inc.,* 597 F.2d 464, 468 (5th Cir.1979)(emphasis added). The burden on defendant-employers is a "surprisingly heavy one." *Murphy v. Town of Natick,* 516 F.Supp.2d 153, 161 (D. Mass. 2003).

Plaintiffs have submitted to the Court in Plaintiffs' Summary Judgment Brief that Defendants cannot carry their burden of proof that they acted in "good faith" and upon "reasonable grounds" so as to avoid liquidated damages because Defendants cannot produce admissible evidence to support the facts necessary to establish such good faith and reasonableness. Pls.' Summ. J. Br. 2. In response to this contention the Defendants, in the Defendants' Response Brief, fail to put forth or cite the Court to any evidence that they acted in good faith and upon reasonable grounds. Instead they mistakenly discuss the standard and Plaintiffs' burden of proof for willfulness, which is different than **Defendants'** burden of proof to negate liquidated damages.

This Court has recently stated that parties supporting a claim in summary judgment should "identify specific evidence in the record, and . . . articulate the 'precise manner' in which that evidence support[s] their claim." *Glasmire v. Pub. Storage,* No. 4:11-CV-748-Y, 2013 WL 1890363, *2 (N.D.Tex. May 7, 2013) (citing *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994)). This Court stated that, "although the Court is **required** to consider only the cited materials, it **may** consider other materials in the record." *Id.* (citing Fed.R.Civ.P. 56(c)(3))(emphasis included). This Court went on to say that, "[n]evertheless, Rule 56 'does not impose on the district court a duty to sift through the record in search of evidence'" to support a party's claim. *Id.* (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 915–16 n. 7 (5th Cir.1992)). Thus, because the Defendants have not set forth any evidence to support

their burden regarding good faith for liquidated damages, and certainly did not direct the Court to any such evidence, this Court should grant Plaintiffs' motion for summary judgment on this issue.

Even if, however, this Court endeavors to sift through evidence looking for Defendants' evidence of good faith and reasonableness, it will find none. Defendant's interrogatory answers (interrogatory responses 10-13) state that the only evidence of good faith is the alleged Department of Labor investigation. Defs.' App. 251-52. As the results of that investigation are not in evidence and as Plaintiffs have moved to strike the hearsay testimony of Defendants regarding such investigation, there is no evidence before the Court to sustain Defendant's substantial burden of negating liquidated damages.[8]

### E. Defendants did not present evidence that the checks they transport are "destined for out of state banks" and, thus, they have not established the "interstate commerce" necessary to subject them to the Secretary of Transportation's jurisdiction.

In Defendants' Response Brief, they make the blanket statement that Defendant Trinity's "transportation of checks is interstate commerce." Defs.' Resp. Br. 13. Defendants' only evidence regarding the transportation of checks is just that, *i.e.*, Defendants' drivers transport checks. Defendants do not allege or provide any evidence that the checks are "destined for banks outside Texas." Without offering evidence that the checks transported by Defendants continue on to out-of-state banks, the cases cited by Defendants are not applicable and Defendants have not satisfied the "interstate commerce" requirement of the MCA Exemption.

---

[8] Even if the DOL investigation is not struck and is considered by the Court, it did not occur until February 2012 and thus Defendants have no evidence of reasonableness and good faith prior to February 2012. Liquidated damages for the cause of actions accruing prior to that date should be granted by the Court. *See Owens v. Mastek, L.L.C.,* No. 13-10347, 2013 WL 6284424, at *6 (5th Cir. Dec. 5, 2013) (the Court of Appeals found that the defendants' mere good faith compliance with DOL's findings in February 2011 that defendants had failed to pay overtime in violation of the FLSA was insufficient to demonstrate that defendants' original violation (occurring years before the DOL investigation and finding) was in good faith and that they had reasonable grounds for believing a violation had not occurred, as required by Section 260). For the persuasive authority of this opinion, *see Ballard v. Burton,* 444 F.3d 391, 401 & n. 7 (5th Cir.2006) (citing 5th Cir. R. 47.5.4.) ("Although an unpublished opinion issued after January 1, 1996 is not controlling precedent, it may be considered as persuasive authority").

The cases cited by Defendants for the proposition that the "transportation of checks is interstate commerce" all contain un-refuted, direct evidence that the properties delivered by the drivers in their intrastate trips were all destined for out-of-state destinations and, thus, were part of a "practical continuity of movement" across state lines and part of interstate commerce. *See McIntyre v. FLX of Miami, Inc.,* No. 08-200030-CIV., 2008 WL 4541017, *5 (S.D.Fla. Oct. 8, 2008) (citations omitted) (un-refuted testimony from defendant's officers that deliveries at issue completed deliveries in state of shipments that came from another state or completed deliveries originating in state to travel outside of state). *See also Cruz v. S. Waste Sys., LLC,* No. 09-21756-CIV., 2010 WL 309016, *4, *5 (S.D.Fla. Jan. 25, 2010) (uncontroverted third-party testimony from vendors who accepted delivery from plaintiff of recyclable materials showed that such materials were destined for out-of-state destinations at the time of delivery); *Alvarado v. I.G.W.T. Delivery Sys., Inc.,* 410 F.Supp.2d 1272, 1276-77 (S.D.Fla. 2006) (plaintiffs through their own deposition testimony submitted into evidence that defendants delivery/pick-ups were of packages destined for delivery throughout the U.S. and internationally).

In the check cases cited by Defendants, there was also direct, uncontroverted evidence that the drivers delivered checks destined for out-of-state banks. *See Baez v. Wells Fargo Armored Servs. Corp.,* 938 F.2d 180, 182 (11th Cir. 1991) (undisputed facts in record before the court showed that pickup and delivery were of **both in-state and out-of-state checks**, and therefore, court found that some transported checks were "bound for banks outside Florida" and interstate commerce was present (emphasis added)); *McGee v. Corporate Express Delivery Sys.,* No. 01C1245, 2003 WL 22757757, *2, *5 (N.D.Ill. Nov. 20, 2003) (where undisputed testimony was in evidence that delivery was made of checks to a clearinghouse that, in turn, sent such checks to out-of-state banks, the court found "[t]he transportation of checks bound for banks outside of Illinois involve[d] interstate commerce").

Because Defendants did not offer evidence that the checks transported by Defendants' drivers continue on to out-of-state banks, the above cited cases are not applicable and Defendants have not satisfied the "interstate commerce" requirement of the MCA Exemption.

## CORRECTION IN PLAINTIFFS' SUMMARY JUDGMENT BRIEF

Plaintiffs take this opportunity to correct a cite at the bottom of page 39 of Plaintiffs' Summary Judgment Brief [Doc. 32]. The correct cite for the assertion that "school route drivers operated Small Vehicles 99% of their work time" is Pls.' App. 148.

## PRAYER FOR RELIEF

Plaintiffs respectfully request that this Court (1) deny all of Defendants' Motion for Summary Judgment; (2) grant all of Plaintiffs' Motion for Partial Summary Judgment; and (3) order that the amount of damages (including the appropriate amount of liquidated damages), attorney's fees, litigations costs, and pre- and post-judgment interest to which Plaintiffs are entitled be determined by way of further proceedings to be scheduled by the Court.

Respectfully submitted:

The Law Office of Chris R. Miltenberger, PLLC

By:     /s/ *Chris R. Miltenberger*
    Chris R. Miltenberger
    Texas State Bar Number 14171200

1340 N. White Chapel, Suite 100
Southlake, Texas 76092
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.

By:     /s/ Chris R. Miltenberger
    Chris R. Miltenberger